UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

D'WANNA WILLIAMS,
an individual,

    Plaintiff,

vs.

CASE NO:

WAC ENTERPRISES, INC,
a foreign corporation,

    Defendant.
_____/

# COMPLAINT

Plaintiff, D'WANNA WILLIAMS ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues WAC ENTERPRISES, INC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.　This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

1

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, D'WANNA WILLIAMS (hereinafter referred to as "WILLIAMS") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. WILLIAMS suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and has had amputation of both of her legs and requires a wheelchair for mobility. Prior to instituting the instant action, WILLIAMS visited the Defendant's premises at issue in this matter and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. WILLIAMS continues to desire and intends to visit the Defendant's premises in the future but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, WAC ENTERPRISES, INC., is a foreign corporation registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief WAC ENTERPRISES, INC., (hereinafter referred to as "WAC") is the owner, lessee and/or operator of the real property and

improvements that are the subject of this action, specifically: the Krystal restaurants located at 219 Forest Road, Hueytown, Alabama, and 1576 Montgomery Highway, Hoover, Alabama (hereinafter referred jointly referred to as the "Restaurants").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurants owned by WAC is a place of public accommodation in that they are restaurants operated by a private entity that provide food and drink to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurants in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy

3

access to, and the benefits of the services offered at the Restaurants owned and/or operated by WAC. Prior to the filing of this lawsuit, Plaintiff visited the Restaurants at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurants in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurants in violation of the ADA. WILLIAMS has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. WAC is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

### *Krystal 219 Forest Road Hueytown, Alabama*

i. Neither of the accessible parking spaces provided is designated as van accessible;

ii. The shared access aisle between the two accessible parking spaces provided as well as one of the accessible parking spaces provided, contain abrupt changes in level due to broken asphalt that has not been repaired and consists of loose gravel that is not firm nor slip resistant;

iii. The women's public toilet lacks accessible signage to designate it as an accessible toilet room;

iv. The public toilet rooms each contain a water closet in the accessible toilet stall that has a flush valve facing the closed side of the stall, out of reach of a wheelchair user;

v. The public toilet rooms each contain a lavatory that has exposed drain pipes that are not insulated to protect a wheelchair user;

vi. The self-serve drink area contains napkins, condiments, straws and lids that are located out of wheelchair reach range;

vii. The self-serve drink machines contain operable parts for dispensing tea and water that are located out of wheelchair reach

range;

***Krystal 1576 Montgomery Highway, Hoover, Alabama***

 viii. There are too few accessible parking spaces provided in the parking lot serving this location;

 ix. The existing parking spaces and access aisle with some indicia of accessibility are located on extreme slopes that are too steep for a wheelchair user;

 x. One of the parking spaces containing some indicia of accessibility, lacks an adjacent access aisle necessary for a wheelchair user;

 xi. One of the parking spaces containing some indicia of accessibility, lacks a raised sign to designate it as such;

12. There are other current barriers to access and violations of the ADA at the Restaurants owned and operated by WAC that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance

with the provisions of the ADA.

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, WAC was required to make its Restaurants, places of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, WAC has failed to comply with this mandate.

15.     Pursuant to 28 CFR §36.211, Defendant is required to maintain its accessible features in operable working condition in a manner that is readily accessible to and usable by individuals with disabilities. To date, Defendant has also failed to comply with this mandate.

16.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against WAC and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 4th day of June, 2025.

Respectfully submitted,

By: __/s/ Edward I. Zwilling__
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com

8